```
                    UNITED STATES DISTRICT COURT
               FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANGEL L. RIVERA,                  :    No. 4:CV-04-1117
                                  :
         Petitioner               :    Petition Filed 05/24/04
                                  :
    vs.                           :
                                  :
S.A. HOLENCIK, Warden,            :    (Judge Muir)
                                  :
         Respondent               :    (Magistrate Judge Smyser)
```

**ORDER**

June 2, 2005

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

The Clerk of Court assigned this habeas corpus petition to us and referred it to Magistrate Judge J. Andrew Smyser for preliminary consideration. On October 28, 2004, the Magistrate Judge issued a report recommending that the petition be denied and the case closed. We initially adopted that Report and Recommendation by order dated November 30, 2004, but we subsequently vacated that order after Petitioner Angel L. Rivera represented to us that he had never received a copy of the Report and Recommendation. We then granted Rivera a number of extensions of time to file objections to the Report and Recommendation.

On April 26, 2005, Rivera timely filed his objections. Despite the fact that no separate brief was filed in support of Rivera's objections, on May 11, 2005, Respondent S.A. Holencik filed a brief in opposition to Rivera's objections. The time

allowed for Rivera to file a reply brief expired on May, 31, 2005, and to this date no such brief has been filed.  Rivera's objections are ripe for disposition.

When objections are filed to a report of a magistrate judge, we make a *de novo* determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge to which there are objections.  United States v. Raddatz, 447 U.S. 667 (1980); 28 U.S.C. §636(b)(1); M.D. Pa. Local Rule 72.31.  Furthermore, district judges have wide discretion as to how they treat recommendations of the magistrate judge. *Id.*  Indeed, in providing for a *de novo* review determination rather than a *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Id. ;See also* Mathews v. Weber, 423 U.S. 261, 275 (1976); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

In September of 2003 Rivera tested positive for the use of opiates at Allenwood, which is a violation of the federal inmate disciplinary code.  A Disciplinary Hearing Officer punished Rivera for the offense by ordering 60 days disciplinary segregation, the disallowance of 54 days of good conduct time, the forfeiture of 176 of non-vested good conduct time, and the loss of telephone and visiting privileges for 18 months.  Rivera

claims that the sentence imposed violates the Bureau of Prisons's policies codified at 28 C.F.R. § 541.13, and is unconstitutional because it was imposed in a retaliatory and biased manner and constitutes cruel and unusual punishment.

Rivera's entitlement to relief on any of the claims asserted in his petition hinges upon the fundamental issues of whether the sanctions imposed by the Disciplinary Hearing Officer "were in compliance with B.O.P. Policies [or] are extensive, cruel and unusual punishment." (Memorandum of Law in Support of Habeas Petition, p. 1)

The imposed sentence was more severe than that recommended by the applicable guidelines.  However, the regulations authorize such deviations where the decision is documented and justified in the Disciplinary Hearing Officer's report. *See* 28 C.F.R. § 541.13(b.1).  In Rivera's case the Disciplinary Hearing officer complied with that regulation when he justified the sentence as follows:

> drug use is preceded by the illicit substance being introduced by breeching the secure perimeter of the institution.  The purchase of drugs tends to lead to debt and drug related debt has great potential to lead to violence in relation to payment/non-payment of the same. Inmates are the target for this violence and staff have great potential for injury responding to this violence.

(Disciplinary Hearing Officer Report, p. 3)

Rivera's claim that the imposed sentence does not comply with the Bureau of Prison's regulations is meritless.  We next

consider whether the imposed sentence violates Rivera's Eighth or Fourteenth Amendment rights.

Rivera cites the case of Bazzetta v. McGinnis, 286 F.2d 311 (6th Cir. 2002), in support of his constitutional claim. In that case the court of Appeals for the Sixth Circuit held that certain prison regulations which restricted inmates' opportunities to visit with family and friends violates the prisoners First, Eighth, and Fourteenth Amendment rights. However, that decision was reversed by the United States Supreme Court in Overton v. Bazzetta, 539 U.S. 126, 123 S. Ct. 2162 (2003). The decision cited by Rivera is invalid and does not support his claims in any manner.

We will proceed to consider whether Rivera's due process or Eighth Amendment rights were violated. With respect to his due process rights, the Magistrate Judge found that the requisite procedures were followed in Rivera's disciplinary hearing, including the right to an impartial hearing officer. (Id., p. 4) After considering the circumstances of this case, Magistrate Judge Smyser determined that "[t]he sanctions imposed by the [Disciplinary Hearing Officer] were within the limits stated in 28 C.F.R. § 541.13," and that the sentence imposed was not sufficiently serious to violate the Eighth Amendment. (Report and Recommendation, pp. 5, 8)

Rivera states in his objections that "the sanctions ...

placed upon him were extremely excess [sic] and done due to bias and retaliation. Which is the main focus of these Objections." (Rivera's objections, p. 4) Rivera's full explanation of the alleged bias is

> that the [Disciplinary Hearing Officer who is an] ex-Captain is clearly upset by the past, and possible future, compromised staff. But as Petitioner has thoroughly briefed, neither was he charged with, nor found to have committed, the introducing of contraband into the "secure perimeter of the institution." Yet DHO Bittenbender blindly struck at petitioner for failings which may well have been on his watch at the prison. Which is not a proper manner to dispense sanctions at this, or any other, prison.
>
> 19. The DHO effectively undertook a course of speculation and set forth conduct from a Code 111 as the reason for imposing sanctions for the lessor [sic] Code 112 (the smaller the numerical value, the more severe/serious the conduct). This is nothing less than capricious and clearly shows the partiality of the DHO, and is proven by the disallowance of 176 days of non-vested Good Time – well outside the guidelines – which Petitioner didn't even have.

(Rivera's objections, pp. 6-7)

In order to succeed on his due process claim, Rivera is required to show that his sentence resulted from an inappropriate bias harbored by the Disciplinary Hearing Officer. Rivera has not presented any evidence establishing such a bias. Instead, he argues that the Disciplinary Hearing Officer's alleged bias has been proven by the excessive sentence. Such an argument appears to be based on circular logic and is meritless. The Disciplinary Hearing Officer provided adequate reasons for the sentence and the record presented to us fails to support Rivera's claim that the Disciplinary Hearing Officer was in any way biased.

The only remaining facet of this case to consider is whether the sentence imposed by the Disciplinary Hearing Officer violated Rivera's Eighth Amendment rights. The sentence here involved a period of segregated confinement, loss of good conduct time, forfeiture of non-vested good time, and the loss of phone and visitation privileges.

It is well-settled that not all restrictions which make "the prisoner's confinement more difficult to bear" violate the Eighth Amendment. Overton v. Bazzetta, 539 U.S. 126, 123 S. Ct. 2162 (2003). We are the view that the sentence imposed upon Rivera does not dramatically depart from accepted conditions of confinement, create inhumane conditions, or inflict pain, injury, or deliberate indifference to the risk that injury might occur. Consequently, the sentence is not sufficiently severe to implicate Rivera's Eighth Amendment rights. *See* Sandin v. Connor, 515 U.S. 472, 485, 115 S. Ct. 2293 (1995); Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285 (1976); Rhodes v. Chapman, 452 U.S. 337, 101 S. Ct. 2392 (1981).

None of Rivera's claims has merit. We will adopt the Magistrate Judge's Report and Recommendation, and deny Rivera's petition.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Report and Recommendation (Document 9) of Magistrate Judge Smyser is adopted *in toto*.

6

2.  Rivera's petition for writ of habeas corpus (Document 1) is denied.

3.  Any appeal from this order will be deemed lacking in probable cause and a certificate of appealability will not issue.

4.  The Clerk of Court shall send a copy of this order to Magistrate Judge Smyser.

5.  The Clerk of Court shall close this file.

s/Malcolm Muir<br>MUIR, U.S. District Judge

MM:ga